IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERIC L. GROHOSKE | ) CASE NO. 3:11 CV 410 |
| | ) |
| Plaintiff, | ) |
| | ) MAGISTRATE JUDGE |
| v. | ) WILLIAM H. BAUGHMAN, JR. |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) |

## Introduction

Before me[1] is an action under 42 U.S.C. § 405(g) by Eric L. Grohoske seeking judicial review of the final decision of the Commissioner of Social Security denying Grohoske's claim for Disability Insurance Benefits.[2] The Commissioner has responded by filing an answer[3] along with the transcript of proceedings,[4] and by arguing that the denial of Grohoske's claim was supported by substantial evidence.[5] Both parties, pursuant to my

---

[1] The parties have consented to my exercise of jurisdiction (ECF # 16) and consequently United States District Judge David A Katz has ordered the matter transferred to me. ECF # 17.

[2] ECF # 1.

[3] ECF # 6.

[4] ECF ## 7, 11.

[5] ECF # 14.

orders,[6] have briefed their positions[7] and filed charts organizing the record evidence in line with their arguments.[8] The parties have participated in a telephonic oral argument.[9] For the reasons that follow, I will reverse the Commissioner's decision as not supported by substantial evidence and further conclude that the matter must be remanded.

## Facts

**A.    Background**

Grohoske, who was 50 years old at the time of the hearing before the ALJ in 2009, filed his claim for benefits in 2006, alleging a disability onset date of 2004[10] due to cardiovascular disease and back pain.[11] He has at least a high school education and was previously employed as a corrections officer.[12]

While on duty as a corrections officer in 2004, Grohoske was involved in a car accident that resulted in complaints of neck and back pain.[13] The ALJ found that Grohoske

---

[6] ECF ## 4,10.

[7] ECF # 12 (Grohoske), # 14 (Commissioner), # 15 (Grohoske reply).

[8] ECF # 9 (Grohoske fact sheet), # 13 (Grohoske supplemental chart), # 14, Attachment 1 (Commissioner charts).

[9] ECF # 19.

[10] ECF # 9 at 1 (citing record).

[11] ECF # 14 at 2 (citing record).

[12] ECF # 12 at 4-5 (citing record).

[13] ECF # 14 at 3 (citing record).

received treatment for this "work related neck injury" and that this treatment was "working for the claimant" in that "he was able to jog and lift weights."[14] Grohoske was cleared to return to work in 2004 but told to "avoid fighting."[15] A 2008 MRI conducted in response to continuing complaints of neck pain[16] disclosed degenerative disc disease of the lumbar spine.[17]

In 2006, Grohoske was diagnosed with coronary artery disease.[18] That condition resulted in Grohoske undergoing cardiac catheterization and coronary artery bypass surgery, as well as "several rounds of stenting."[19]

**B.  Commissioner's decision**

The ALJ concluded that Grohoske had impairments concerning degenerative disc disease of the lumbar spine, coronary artery disease and asthma.[20] But the ALJ found that none of these impairments met or medically equaled the applicable listings.[21] He further found that although Grohoske could not perform his past relevant work as a corrections

---

[14] ECF # 7, Attachment 1 (Tr.) at 15.

[15] ECF # 14 at 4 (citing record).

[16] ECF # 12 at 7.

[17] *Id.*; *see also*, Tr. at 15.

[18] Tr. at 15.

[19] *Id.*

[20] *Id.*

[21] *Id.*

officer,[22] he retained the residual functional capacity (RFC) to perform a full range of sedentary work.[23] Relying on the testimony of a vocational expert (VE), the ALJ determined that given Grohoske's age, work experience, and RFC, there were jobs existing in sufficient numbers in the national and local economies that Grohoske could perform.[24] Accordingly, Grohoske was found not disabled and his claim denied.[25]

**C.      Grohoske's arguments on review**

Grohoske makes three major arguments regarding the Commissioner's decision:

1. It was error to conclude that Grohoske's acknowledged coronary artery disease did not meet or equal the listing at § 4.02(A)(B).[26]

2. The Commissioner erred in failing to adequately consider Grohoske's subjective complaints regarding his neck and back pain.[27]

3. Substantial evidence does not support the finding that Grohoske could perform the full range of sedentary work.[28]

In addition, Grohoske contends that new medical evidence from 2009 that purportedly shows a worsening of Grohoske's heart problems, which evidence was submitted to the

---

[22] *Id*. at 15-17.

[23] *Id*. at 17.

[24] *Id*.

[25] *Id*. at 17-18.

[26] ECF # 12 at 10-13.

[27] *Id*. at 13-16.

[28] *Id*. at 16-17.

Appeals Council but was not considered by the ALJ, meets the qualification for a sentence six remand.[29]

**D.     Subsequent arguments**

As noted, the Commissioner contests each of Grohoske's positions.[30] Grohoske has restated his arguments in his reply brief,[31] and again in the telephonic oral argument, in which the Commissioner also participated.[32]

## Analysis

**A.     Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

---

[29] *Id.* at 17.

[30] ECF # 14.

[31] ECF # 15.

[32] ECF # 19.

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[33]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[34] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[35]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.  Application of standard – the Commissioner's decision is reversed as not supported by substantial evidence.**

*1.  Listing at § 4.02*

It is well-established that if a claimant has a severe impairment or combination of impairments that meets one of the listings in Appendix 1 to Subpart P of the regulations, the claimant is disabled.[36] Because the listings describe impairments that the Social Security Administration considers "severe enough to prevent an individual from doing any gainful

---

[33] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[34] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[35] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[36] *Rabbers v. Comm'r of So. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009); *Cunningham v. Comm'r of Soc. Sec.*, No. 5:10CV1001, 2012 WL 1035873, at *2 (N.D. Ohio March 27, 2012) (citing *Rabbers*).

activity, regardless of his or her age, education, or work experience,"[37] the Commissioner will deem a claimant who meets or equals the requirements of a listed impairment conclusively disabled.[38] Each listing sets out "the objective medical and other findings needed to satisfy the criteria of that listing,"[39] and the claimant bears the burden of proving[40] that he has satisfied all of the criteria of a listing in order to "meet the listing."[41]

Even if a claimant cannot demonstrate disability by meeting the listing, he may be disabled if his impairment is the medical equivalent of a listing.[42] Medical equivalent means that the impairment is "at least as equal in severity and duration to the criteria of any listed impairment."[43] The claimant seeking a finding that an impairment is equivalent to a listing must present "medical findings" that show his impairment is "equal in severity to *all* the criteria for the one most similar listed impairment."[44]

---

[37] 20 C.F.R. § 404.1525(a).

[38] *Rabbers*, 582 F.3d at 653.

[39] 20 C.F.R. § 404.1525(c)(3).

[40] *Rabbers,* 582 F.3d at 653.

[41] *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011).

[42] 20 C.F.R. § 404.1520(a)(4)(iii).

[43] 20 C.F.R. § 404.1526(a).

[44] *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original).

While the Sixth Circuit is clear that it "does not require a heightened articulation standard [from the ALJ] at Step Three of the sequential evaluation process,"[45] it is also clear that "in order to conduct a meaningful review, the ALJ must make it sufficiently clear in his or her decision the reasons for the determination [as to meeting a listing] in order for the Court to conduct a meaningful review."[46]

Specifically, the Sixth Circuit in *Reynolds* states the requirements for articulating the ALJ's step three analysis as follows:

> In short, the ALJ need[s] to actually evaluate the evidence, compare it to the criteria of the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review. Without [such articulation], it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence.[47]

---

[45] *Marok v. Astrue*, No. 5:08CV1832, 2010 WL 2294056, at *3 (N.D. Ohio June 3, 2010) (citing *Bledsoe v. Barnhart*, No. 04-4531, 2006 WL 229795, at *411 (6th Cir. Jan. 31, 2006) (citing *Dorton v. Hecker*, 789 F.2d 363, 367 (6th Cir. 1986)).

[46] *Eiland v. Astrue*, No. 1:10CV2436, 2012 WL 359677, at *9 (N.D. Ohio Feb. 2, 2012) (citing *Marok*, 2010 WL 2294056, at *3 (citations omitted)).

[47] *Reynolds*, 424 F. App'x at 415. In this regard, I note, as did Magistrate Judge Burke in *Shea v. Astrue*, No. 1:11CV1076, 2012 WL 967088, at *10 n.6 (N.D. Ohio Feb. 13, 2012), that the Sixth Circuit's insistence on the articulation of reviewable reasons directly follows from the ALJ's statutory duties at 5 U.S.C. § 557(C)(3)(A) to include the "reasons or basis" for a decision. Therefore, the Sixth Circuit has determined that the "reasons requirement" is both a procedural and substantive requirement, "necessary in order to facilitate effective and meaningful judicial review." *Shea*, 2012 WL 967088, at *10 n.6 (quoting *Reynolds*, 424 F. App'x at 414).

Recent decisions in this District applying this rubric from *Reynolds* teach plainly that "a mere rote recitation of boilerplate language by an ALJ"[48] at step three provides an insufficient explanation for a conclusion regarding the meeting of a listing and so will require a remand.[49]

Here, the ALJ concluded that Grohoske did not meet the listings at §§ 4.02A, B.[50] In so doing, the ALJ's stated step three analysis on this issue, in its entirety, is as follows:

> The medical evidence establishes coronary artery disease, but the evidence does not satisfy the criteria of section 4.00. Specifically, the record does not document abnormal clinical and laboratory findings [as] to the severity required by the listing.[51]

This perfunctory recitation of the analytic formula, without any development, as required by *Reynolds*, of how particular items of record evidence do or do not match specific criteria of the listing, leaves the reviewing court without a basis for meaningful review, and

---

[48] *Jones v. Comm'r of Soc. Sec.*, 5:10CV2621, 2012 WL 946997, at *8 (N.D. Ohio March 20, 2012) (Baughman, MJ).

[49] *Id.*; *Cunningham v. Comm'r of Soc. Sec.*, No. 5:10CV1001, 2012 WL 1035873, at *2 (N.D. Ohio March 27, 2012) (citations omitted) (Baughman, MJ); *Shea*, 2012 WL 967088, at *10 (citations omitted); *May v. Astrue*, No. 4:10CV1533, 2011 WL 3490186, at *9 (N.D. Ohio June 1, 2011) (White, MJ), *adopted*, 2011 WL 3490229 (N.D. Ohio Aug. 10, 2011) (Adams. J.); *Marok*, 2010 WL 2294056, at **4-5 (N.D. Ohio June 3, 2010) (Pearson, MJ).

[50] Tr. at 15.

[51] *Id.*

ultimately precludes a finding that this decision was supported by substantial evidence.[52] It, therefore, requires a remand.[53]

I also observe that although the Commissioner has assembled evidence in the record that would arguably support a finding that Grohoske did not meet the listings mentioned above,[54] "[u]nfortunately, the ALJ included no such analysis and the Court cannot engage in *post hoc* rationalizations [supplied by counsel]."[55]

## *2. Credibility finding as to pain*

Grohoske argues that the ALJ erred by stating that Grohoske's complaints of pain were undermined by evidence that Grohoske could nonetheless engage in various activities.[56]

---

[52] *Shea*, 2012 WL 967088, at *10 ("In this case, the ALJ offered no analysis at Step Three, [and] a conclusory statement [that the claimant's impairments did not meet the listing was insufficient]"); *May*, 2011 WL 3490229, at *9 (remand required where ALJ at step three provided conclusion, but no analysis); *Marok*, 2010 WL 2294056, at **4-5 (where the ALJ merely stated that he had considered "all symptoms" and "opinion evidence," but did not describe that evidence or how his findings related to that evidence, the ALJ had not clearly articulated his reasons, and the matter would be remanded).

[53] *Id.* I also note that a remand is required, rather than a finding of harmless error, because, as noted above, if Grohoske meets a listing, he is disabled and entitled to benefits without any further analysis. In addition, unlike the situations described in *Shea*, 2012 WL 967088, at *11, the ALJ's discussions at step four were not so extensive as to provide sufficient evidence of Grohoske's impairments in light of the listing as to permit a court to conclude from other parts of the ALJ's opinion that the listings were not met. In that regard, I note particularly a complete lack of discussion in any part of this ALJ's very spartan opinion (8 pages) as to the particular diagnostic and clinical aspects of the listing for coronary artery disease.

[54] ECF # 14 at 9-12.

[55] *Shea*, 2012 WL 967088, at *10 (citations omitted).

[56] ECF # 15 at 6.

Grohoske contends that such a conclusion "exaggerates" the activities that Grohoske is able to perform and neglects to credit evidence that he cannot sustain such activities for long periods due to pain.[57]

For his part, the Commissioner points out that the ALJ pointed to objective medical evidence showing:

- Grohoske responded well to treatment for his neck injury and degenerative disc disease such that he was cleared by his doctor to return to work, with only a modest restriction;[58]

- Although Grohoske continued to experience neck pain, he was determined to be "neurologically intact" and "was able to jog and lift weights."[59]

- As to the coronary artery disease, the ALJ found, again with citation to the record, that after Grohoske's bypass surgery and stent procedures, his neck pain was reduced and he was "asymptomatic through his date last insured."[60]

As was mentioned above, the record also established that Grohoske drove his car, took care of his dog, mowed the lawn, cared for his personal needs, had no difficulty in walking,

---

[57] *Id.*

[58] Tr. at 16 (citing record).

[59] *Id.*

[60] *Id.* Grohoske contends that this conclusion by the ALJ in August 2009 is based on 2007 evidence and contradicted by the 2008 stenting. *See*, ECF # 15 at 5. In fact, March, 2009, notes from Grohoske's treating physician, Christopher Bajzer, M.D., state that after stent placement in 2009 Grohoske denied having shortness of breath or chest pains, and his cardiac condition was stable. Tr. at 482-83. Moreover, inasmuch as December 31, 2007, is the date when Grohoske was last insured, evidence from 2008 and later is only "minimally probative." *Priest v. Comm'r of Soc. Sec.*, 3 F. App'x 275 at **1 (6th Cir. 2001) (citing *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987)).

jogged, lifted weights, and did aerobics.[61] Further, the record also shows that, after Grohoske's treatments for coronary artery disease in 2006, he had some shortness of breath but had significantly improved since surgery.[62] Thus, as the ALJ observed, while Grohoske did have underlying medically determinable impairments that could reasonably be expected to cause the type of pain and symptomatology he alleged, "the record does not disclose sufficient medical evidence" to substantiate Grohoske's subjective complaints about severity and duration.[63]

It is well settled that the ALJ has the responsibility to determine the extent to which a claimant's pain is disabling.[64] That determination is made by a two-step process. First, the ALJ must ascertain if there is an underlying medically determinable impairment. Next, the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms.[65] In that regard, "[a] claimant's testimony [as to pain] may be discounted if it is contradicted by the medical reports and other evidence of record."[66] The ALJ in the end must determine the

---

[61] ECF # 14 at 18 (citing record).

[62] *Id.*

[63] Tr. at 17.

[64] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

[65] *Id.* (citations omitted).

[66] *Smith v. Comm'r of Soc. Sec.*, No. 11-3456, 2012 WL 1071805, at *2 (6th Cir. April 2, 2012) (citing *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004)).

credibility of the claimant, and his findings on that score are to be accorded great weight and deference by the reviewing court.[67]

Here, the ALJ noted that his conclusion as to the disabling nature of Grohoske's pain was because the record did not contain sufficient objective evidence to substantiate Grohoske's complaints as to severity and persistence.[68] Moreover, as discussed above, evidence from beyond the date of last insurance is "only minimally probative" in a challenge to the findings of the ALJ.[69] Accordingly, for the reasons stated above, I find that the ALJ's decision in as to Grohoske's credibility concerning disabling pain is supported by substantial evidence.

## 3.    *RFC determination as to sedentary work*

Here, the record contains an RFC assessment done in November, 2006, by Esberdado Villanueva, M.D.,[70] wherein he concluded that Grohoske retained the functional ability to do light work, with some specified limitations. In April, 2007, Gary Hinzman, M.D., the state agency reviewing physician, affirmed the RFC findings of Dr. Villanueva.[71] With those findings of record, the ALJ further reduced the RFC finding to "the full range of sedentary

---

[67] *Walters*, 127 F.3d at 531.

[68] Tr. at 17.

[69] *Priest*, 3 F. App'x 275 at **2.

[70] Tr. at 198-205.

[71] *Id.* at 209.

work."[72] In making that finding, the ALJ expressly noted that none of Grohoske's treating sources had offered opinions "that have even suggested that [Grohoske] is more limited than [sedentary work.]"[73] Further, the ALJ noted that he reduced the RFC finding from what the state reviewing physician had recommended in response to Grohoske's testimony so as to "give [him] the full benefit of all reasonable doubt."[74]

The clear teaching of the Sixth Circuit is that the responsibility of determining a claimant's RFC rests with the ALJ.[75] In that respect, although an ALJ may not substitute his opinion for that of a physician, the ALJ is not required to accept *verbatim* the RFC finding of a physician.[76] Indeed, the opinion of a consultative examiner is relevant to, but not dispositive of, the RFC determination, which remains with the ALJ.[77] In that respect, the ALJ does not improperly assume the role of a medical expert by assessing both the medical and non-medical evidence before rending an RFC finding.[78]

---

[72] *Id.* at 15.

[73] *Id.* at 17.

[74] *Id*.

[75] *Riley v. Astrue*, No. 5:11CV1587, 2012 WL 2367546, at *13 (N.D. Ohio June 21, 2012) (citing *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009).

[76] *Id.*

[77] *Black v. Comm'r of Soc. Sec.*, 3:09CV1997, 2010 WL5129287, at *4 (N.D. Ohio Dec. 10, 2010) (citations omitted).

[78] *Riley*, 2012 WL 2367546, at *13 (citation omitted).

-14-

Here, the ALJ addressed all the functional limitations arising from Grohoske's physical limitations, to the degree found credible and supported by objective medical evidence, and considered the opinion of the state agency reviewing physician on that issue. The ALJ then reduced the RFC finding from that recommended by the state agency physician so as to give Grohoske "the full benefit of all reasonable doubt."[79]

Grohoske argues that the functional limitations from his stated impairments preclude his doing even sedentary work.[80] He points to a 2006 stress test that revealed a perfusion defect and to additional stenting in 2008, as well as the testimony of the VE.[81] I note that the 2006 evidence was considered in 2007 by Dr. Hinzman who concurred in Dr. Villanueva's finding that Grohoske could do light work.[82] Further, I observe again, as did the ALJ, that in 2009, Dr. Bajzer, Grohoske's treating physician, noted that Grohoske denied chest pain or shortness of breath.[83]

---

[79] Tr. at 17.

[80] ECF # 15 at 4.

[81] *Id.* at 5.

[82] Tr. at. 209.

[83] *Id.* at 482-83.

Therefore, even if this were not an impermissible reweighing of the RFC evidence,[84] Grohoske here has not presented any basis for concluding that the RFC determination is not supported by substantial evidence.

*4.  New evidence*

Finally, Grohoske maintains that May, 2009, evidence of an additional catheterization, not submitted to the ALJ, warrants a sentence six remand.[85] Grohoske contends that the records from the Cleveland Clinic were not submitted to at the time of the hearing but were only produced to Grohoske in July, 2009, thus making them new evidence for purposes of a remand.[86]

A court may remand a case for consideration of new evidence only if that evidence is (a) new and (b) material, and if (c) there is good cause for why it was not previously produced.[87] Evidence is "new" if it was not in existence at the time of the hearing or was unavailable at that time.[88] Evidence is "material" if it creates a reasonable probability that the

---

[84] *See*, *Young v. Sec'y of Health & Human Servs.*, 787 F.2d 1064, 1066 (6th Cir. 1986).

[85] ECF # 15 at 7.

[86] *Id.* at 7-8.

[87] 42 U.S.C. § 405(g); *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010).

[88] *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990).

ALJ's decision would be different.[89] "Good cause" is established by demonstrating a "reasonable justification" for not acquiring and presenting the evidence at the hearing.[90]

Grohoske contends that although this evidence concerns a cardiac catheterization done in 2009 – or after the 2007 date last insured – it is "relevant to understanding the complete picture" of Grohoske's coronary condition as one which is asymptomatic following a stent placement, but then deteriorates.[91] He asserts that he presented the evidence as soon as it became available from the Cleveland Clinic, and that there is a "reasonable probability" of a different outcome.[92]

While being mindful, as the Commissioner states, that normally courts do not remand for a reevaluation of a deteriorating condition but look to the claimant to initiate a new claim for benefits,[93] I am also aware that the matter is already being remanded for a more complete evaluation and articulation on whether Grohoske meets the applicable listings. As such, including the 2009 evidence on a remand already required, for whatever use it may be, does no violence to the requirements noted above and offers Grohoske and the Commissioner the opportunity to conduct the reevaluation in light of all potentially relevant evidence.

---

[89] *Ferguson*, 628 F.3d at 276.

[90] *Id.*

[91] ECF # 15 at 8.

[92] *Id.* at 7-8.

[93] ECF # 14 at 19-20 (citing *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 712 (6th Cir. 1988)).

**Conclusion**

For the reasons stated, the decision of the Commissioner is not affirmed, and the matter is remanded for further proceedings. On remand, the ALJ shall reconsider the finding at step three and articulate reasons in support of any finding reached upon reconsideration.

For purposes of any potential application for attorney's fees under the Equal Access to Justice Act,[94] the Court concludes that the position of the Commissioner was substantially justified.

IT IS SO ORDERED.


Dated:  July 18, 2012                               s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge

---

[94] 28 U.S.C. § 2412(d)(1)(A).